RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED __Y-2__
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. __M__
DATE __1-5-05__

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IRON MOUNTAIN INTELLECTUAL PROPERTY MANAGEMENT, INC., | ) ) ) ) | |
| Interpleader-Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. |
| FIDELITY INFORMATION SERVICES, INC., f/k/a ALLTEL INFORMATION SERVICES, INC., and TOYOTA MOTOR CREDIT CORPORATION, | ) ) ) ) ) ) ) | 05 10018 RGS |
| Interpleader-Defendants. | ) ) | MAGISTRATE JUDGE _Alexander_ |

## COMPLAINT FOR INTERPLEADER AND INJUNCTIVE RELIEF

Interpleader-plaintiff Iron Mountain Intellectual Property Management, Inc. ("Iron Mountain"), by its attorneys, Sullivan & Worcester LLP, as and for its complaint for interpleader and injunctive relief against interpleader-defendants Fidelity Information Services, Inc., f/k/a Alltel Information Services, Inc. ("Fidelity"), and Toyota Motor Credit Corporation ("Toyota"), alleges as follows:

### Statement of Action

1. This is an action for or in the nature of interpleader pursuant to the provisions of 28 U.S.C. § 1335. Interpleader-plaintiff Iron Mountain, the world's leading provider of intellectual property management services, specializes in providing technology escrow services. Iron Mountain provides technology escrow services, in the form of an escrow for certain software source code (the "Source Code"), to interpleader-defendants Fidelity and Toyota. Fidelity and Toyota (collectively, the "Claimants") are making competing, adversarial claims

{B0360837; 3}

regarding the Source Code that Iron Mountain is holding in escrow. Iron Mountain seeks to have Fidelity and Toyota interplead to determine the Claimants' disputed, adversarial interests in the escrowed Source Code.

## Parties

2. Interpleader-plaintiff Iron Mountain is a Delaware corporation with a principal place of business located at 745 Atlantic Avenue, Boston, Massachusetts.

3. Upon information and belief, interpleader-defendant Fidelity is a Delaware corporation with a principal place of business located at 601 Riverside Avenue, Jacksonville, Florida. Upon information and belief, Fidelity is qualified to do business in Massachusetts.

4. Upon information and belief, interpleader-defendant Toyota is a California corporation with a principal place of business located at 19001 S. Western Avenue, Torrance, California. Upon information and belief, Toyota is qualified to do business in Massachusetts.

## Jurisdiction and Venue

5. This Court has original jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. § 1335 in that this is an action for interpleader or in the nature of interpleader and there is diversity of citizenship between the Claimants and the amount in controversy is valued at more than $500.

6. Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1397 in that one or both of the Claimants reside in and are subject to personal jurisdiction in Massachusetts.

## Background

7. Upon information and belief, Fidelity, as the licensor of certain proprietary software (the "Licensed Programs"), entered into a Software License Agreement with Toyota whereby Toyota has been granted a non exclusive license to use the Licensed Programs.

8. On or about August 25, 2000, Fort Knox Escrow Services Inc. ("Fort Knox"), Iron Mountain's predecessor in interest, Fidelity and Toyota made and entered into a written agreement entitled "Source Code Escrow Agreement" (the "Escrow Agreement").

9. Pursuant to the Escrow Agreement, Fort Knox agreed to protect and safeguard the Source Code and any updates thereto that were deposited with Fort Knox. Fort Knox further agreed to release copies of the Source Code only in accordance with the terms of the Escrow Agreement. Iron Mountain has succeeded to the rights and obligations of Fort Knox under the Escrow Agreement.

10. The Escrow Agreement identified certain events ("Impact Events") upon notice of which Iron Mountain is to release and deliver the Source Code to Toyota. The parties later amended the Escrow Agreement to acknowledge their mutual agreement with respect to the definition of an Impact Event.

11. Pursuant to Section 10.1 of the Escrow Agreement, Iron Mountain is not required to inquire into the truth of any statements or representations contained in any notices, certificates or other documents required or permitted under the Escrow Agreement.

12. Pursuant to Section 10.2 of the Escrow Agreement, in the event Iron Mountain receives conflicting demands from Fidelity and Toyota respecting the release of the Source Code, Iron Mountain may, in its sole discretion, file an interpleader action with respect thereto in any court of competent jurisdiction and deposit the Source Code with the clerk of the court or withhold release of the Source Code until instructed otherwise by court order.

13. By letter dated December 14, 2004, Toyota sent a written notice to Iron Mountain demanding release of the Source Code to it.

{B0360837; 3}

14. By letter dated December 15, 2004, Fidelity sent a written notice to Iron Mountain objecting to the release of the Source Code to Toyota.

15. Accordingly, Fidelity and Toyota have both claimed a conflicting interest in the Source Code. Iron Mountain has no basis for forming an independent opinion as to which of the conflicting claims are meritorious.

16. Iron Mountain is not claiming a competing interest in the Source Code.

## Count I: Interpleader

17. Iron Mountain incorporates by reference herein the allegations in paragraphs 1 through and including 16 as if set forth in full herein.

18. Due to the competing claims of Fidelity and Toyota, Iron Mountain is exposed to and unfairly risks the possibility of multiple or conflicting liability.

19. The burden of unnecessary litigation and the risk of loss by Iron Mountain resulting from exposure to the possibility of multiple or conflicting liability will be best avoided by an interpleader action.

20. Iron Mountain accordingly requests that the Court authorize this interpleader action to proceed and permit Iron Mountain either to continue to hold the Source Code until such time as Fidelity and Toyota's competing claims have been resolved or to deposit it with the Clerk of this Court.

## Count II: Injunction

21. Iron Mountain incorporates by reference herein the allegations of paragraph 1 through and including 20 above as if fully set forth herein.

22. Pursuant to the provisions of 28 U.S.C. § 2361, this Court may enjoin any proceeding in any State or United States court affecting the Source Code.

23. Iron Mountain bears the burden of unnecessary litigation and the risk of loss resulting from exposure to the possibility of multiple or conflicting liability as a result of Fidelity's and Toyota's competing claims with respect to the Source Code.

24. An injunction restraining Fidelity and Toyota from instituting or prosecuting any separate proceeding in any State or United States court affecting the Source Code will best serve the interests of justice with respect to the determination of any interest of Fidelity and Toyota in the Source Code.

WHEREFORE, Iron Mountain respectfully requests that this Court:

1. Permit Iron Mountain either (a) to continue to hold the Source Code until such time as Fidelity's and Toyota's competing claims to the Source Code have been resolved, or (b) to deposit the Source Code into this Court by delivering the same to the Clerk of the Court;

2. Discharge Iron Mountain from any other or further obligations with respect to delivery of the Source Code and thereafter dismiss Iron Mountain from this action;

3. Require Fidelity and Toyota to litigate in this Court their competing claims with respect to the Source Code;

4. Enjoin and restrain Fidelity and Toyota, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such order by personal service or otherwise, from instituting or proceeding with any action or suit against Iron Mountain in any other jurisdiction with respect to or in any way relating to or arising out of the Source Code;

5. Award Iron Mountain its costs and expenses of action, including reasonable attorneys' fees and disbursements; and

6. Award Iron Mountain such further relief as the Court deems just.

IRON MOUNTAIN INTELLECTUAL
PROPERTY MANAGEMENT, INC.

By its attorneys,

January 5, 2004

Larry L. Varn (BBO #508130)
Samual A. Miller (BBO #648568)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800

- 6 -

{B0360837; 3}

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
IRON MOUNTAIN INTELLECTUAL PROPERTY MANAGEMENT, INC.

(b) County of Residence of First Listed Plaintiff: **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Larry L. Varn, Samual A. Miller, Sullivan & Worcester LLP, One Post Office Square, Boston, MA 02109, (617) 338-2800

## DEFENDANTS
FIDELITY INFORMATION SERVICES, INC., f/k/a ALLTEL INFORMATION SERVICES, INC., and TOYOTA MOTOR CREDIT CORPORATION

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1335 and 2361
Brief description of cause:
Interpleader action arising out of escrow agreement among plaintiff and defendants

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ costs and expenses
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 01/05/2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Iron Mountain Intellectual Property Management, Inc. v. Fidelity Information Services, Inc., f/k/a Alltel Information Services, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✓] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Larry L. Varn and Samual A. Miller, Sullivan & Worcester LLP**
ADDRESS **One Post Office Square, Boston, MA 02109**
TELEPHONE NO. **(617) 338-2800**

(Coversheetlocal.wpd - 10/17/02)