UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INTELLECTUAL PROPERTY MANAGEMENT, INC., <br><br> Interpleader-Plaintiff, <br><br> v. <br><br> FIDELITY INFORMATION SERVICES, INC., f/k/a ALLTEL INFORMATION SERVICES, INC., and TOYOTA MOTOR CREDIT CORPORATION, <br><br> Interpleader-Defendants. | C.A. No. 05 CV 10018-RGS |

## DECLARATION OF TIMOTHY KEIL, ESQ.

I, Timothy Keil, hereby depose and state as follows:

1.   I am senior vice president-division counsel for Fidelity Information Services, Inc. ("Fidelity"). I have been in-house counsel for Fidelity since September 1996. I base this declaration upon personal knowledge and a review of business records.

2.   I was the lead drafter for Fidelity of the contract documents governing the relationship between Fidelity and Toyota Motor Credit Corporation ("Toyota"), the financing arm of Toyota Financial Services.

3.  The following are the primary agreements that bear on the current issues:

| | **Agreement** | **Execution Date** |
|---|---|---|
| (a) | Services Agreement, a true and accurate copy of which is included as Exhibit 1; | February 7, 2000 |
| (b) | Master Software License Agreement, a true and accurate copy of which is included as Exhibit 3; | August 25, 2000 |
| (c) | Source Code Escrow Agreement, and First Amendment to Source Code Escrow Agreement (of the same date), true and accurate copies of which are included as Exhibit 2; | August 25, 2000 |
| (d) | First Amendment to Master Software License Agreement, a true and accurate copy of which is included as Exhibit 5; | March 1, 2002 |
| (e) | First Amendment to Product Schedule No. 1, a true and accurate copy of which is included as Exhibit 6; | March 1, 2002 |
| (f) | Second Amendment to Implementation Statement of Work (without Attachments), a true and accurate copy of which is included as Exhibit 4; and | March 1, 2002 |
| (g) | Appendix L to Second Amendment to Implementation Statement of Work, a true and accurate copy of which is included as an attachment to Exhibit 4. | March 1, 2002 |

4.  I have reviewed the Declaration of Mark C. Scarsi.

5.  I have been involved in various discussions between Fidelity and Toyota during the late fall and early winter of 2004, leading up to and past Toyota's purported termination of the parties' Agreements. I also have reviewed various correspondence exchanged between the parties, including the correspondence identified in the Declaration of David Slider.

references in paragraph 14 of his Declaration. Some weeks earlier, Toyota had purported to terminate the parties' agreements. *See* Exhibits 22, 23.

7. Mr. Scarsi asserts that, during the call on December 20th, I said that "FIS did not consider itself obligated to provide support for the OSCAR system." Mr. Scarsi is incorrect. I did not make the statement Mr. Scarsi has attributed to me. Further, I never said, or suggested in any way, that Fidelity would discontinue providing services to Toyota. Instead, I emphasized that Fidelity would continue to offer support services, consistent with Fidelity's numerous written confirmations, and that it remained ready, willing, and able to service and support the OSCAR software. *See, e.g.,* Exhibit 25.

Signed under the penalties of perjury this 14th day of January, 2005.

Timothy Keil, Esq.